UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BRADLEY,<br><br>        Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>        Respondent. | Case No. 1:23-cv-00573-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE**<br><br>(Doc. 1)<br><br><u>Clerk of Court to Assign District Judge</u> |

Petitioner Steven Bradley ("Petitioner") is a pro se litigant detained in Coalinga State Hospital proceeding *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

**Background**

On June 27, 2025, following a preliminary screening of the petition, the undersigned ordered Petitioner to file an amended petition to remedy certain identified deficiencies or a request to stand on the petition as screened. (Doc. 4). Specifically, Petitioner did not use the approved form and therefore failed to provide critical information, especially with respect to the exhaustion of state remedies. (*See id.* at 2). Further, the petition fails to state a cognizable federal habeas claim because he challenged the conditions of his confinement, which is properly presenting in an action pursuant to 42 U.S.C. §

1983.  (*See id.* at 2-3 (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) and *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003))).  To the extent the petition attempts to bring a habeas claim, it contains only conclusory allegations without providing facts to support a claim.  (*Id.* at 3-4).

Petitioner was ordered to file either an amended petition or a request to stand on his original petition within 30 days of issuance of the screening order.  (*Id.* at 4).  Petitioner was cautioned that "[f]ailure to comply with this order will result in dismissal of this action."  (*Id.*).  More than 30 days have elapsed, and Petitioner has failed to file either an amended petition or a request to stand on the petition as screened.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court

to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the petitioner fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Petitioner has failed to comply with the Court's order and Local Rules. Petitioner has filed no response to the Court's order to file an amended petition or request to stand on the petition as screened, and the time to do so has expired. There are no other reasonable alternatives available to address Petitioner's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Petitioner's participation to prosecute the case with a petition that presents a cognizable federal claim with supporting factual allegations. (*See* Doc. 4 at 2-4). The presumption of injury

holds given Petitioner's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondent—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and, thus, is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, as discussed above, the Court's order cautioned Petitioner that failure to comply would result in dismissal. (Doc. 4 at 4).

**Conclusion and Recommendation**

For the reasons given above, the Clerk of Courts is DIRECTED to assign a United States District Judge to this action.

Further, IT IS RECOMMENDED as follows:

1. The Court DISMISS this action for Petitioner's failure to prosecute this action and to comply with the Court's orders (*see* E.D. Cal. Local Rule 110); and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to

4

exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

     A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **August 5, 2025**  _____
                                    UNITED STATES MAGISTRATE JUDGE