1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN BRADLEY,                    Case No. 1:23-cv-0573-KES-CDB  (HC)

12              Petitioner,             ORDER ADOPTING FINDINGS AND
                                        RECOMMENDATIONS, DISMISSING
13        v.                            PETITION FOR WRIT OF HABEAS
                                        CORPUS WITHOUT PREJUDICE FOR
14   BRANDON PRICE,                     PETITIONER'S FAILURE TO PROSECUTE
                                        AND FAILURE TO OBEY COURT ORDERS
15              Respondent.
                                        Doc. 6
16

17

18        Steven Bradley is a state prisoner proceeding pro se and in forma pauperis with a petition

19   for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a

20   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On June 27, 2025, following a preliminary screening of the petition, the assigned

22   magistrate judge ordered petitioner to file an amended petition to remedy certain identified

23   deficiencies.  Doc. 4.  When petitioner failed to timely comply with the Court's screening order or

24   make any other filing by the deadline, the assigned magistrate judge issued findings and

25   recommendations, recommending dismissal without prejudice for petitioner's failure to obey a

26   court order and failure to prosecute this action.  Doc. 6.  Those findings and recommendations

27   were served upon petitioner and contained notice that any objections were to be filed within

28   fourteen (14) days after service.  Petitioner did not file objections and the time to do so has

passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court next turns to whether a certificate of appealability should issue.  Generally, a certificate of appealability may be issued under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue only if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional rights.'"  *Rosas v. Nielsen*, 428 F.3d 1229, 1233 (9th Cir. 2005) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A certificate of appealability is appropriate only where both inquires are satisfied.  *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014).  Here, petitioner has not made any showing that jurists of reason would find it debatable that the Court is correct in its procedural ruling.  Accordingly, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court ORDERS:

1.    The findings and recommendations issued on August 6, 2025, Doc. 6, are ADOPTED in full.

2.    The petition for writ of habeas corpus, Doc. 1, is DISMISSED WITHOUT PREJUDICE for failure to prosecute and to obey court orders.

3.    The Clerk of the Court is directed to close the case.

4.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 28, 2025

_____
UNITED STATES DISTRICT JUDGE